**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**DALKON SHIELD CLAIMANTS TRUST, Movant,**

v.

**Jacqueline LEE, et al., Respondents.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

Jan. 22, 1997.

*MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on the Motion of the Dalkon Shield Claimants Trust ("Trust") To Interpret Plan And For Order In Aid Of Plan. The Court has heard argument on the Trust's Motion and the matter is ripe for disposition. For the reasons which follow, the Court will deny the Trust's Motion.

### I.

The vast majority of Dalkon Shield claimants either accept their settlement offers from the Trust or elect to pursue Alternative Dispute Resolution ("ADR") or binding arbitration. Nevertheless, a significant number of claimants, after completing the voluntary settlement stages of the Claims Resolution Facility ("CRF"), elect to proceed with litigation against the Trust in either state or federal court. Prior to 1995, the Trust regularly removed many cases brought in state court to federal court on diversity grounds pursuant to 28 U.S.C. § 1441(a). The factual Stipulation submitted by the parties to this Motion demonstrates that the federal courts have proven to be a much friendlier forum for the Trust. The Stipulation reflects that as of September 20, 1996, a total of 29 Dalkon Shield cases had gone to trial. Stip. ¶ 4 at 2. Fourteen of these cases proceeded in federal court, while fifteen were tried in state courts. *Id.* The Trust has fared far better in federal court, prevailing in over 70% of the cases that have gone to trial. *Id.* at 3. Conversely, the Trust has only prevailed in 40% of the state court trials. *Id.* The following chart provided by the parties illustrates the advantages of federal court for the Trust:

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

Derrick Lawson, Albuquerque, NM, for Lee, Avritt, and Avritt.

James F. Szaller, Brown & Szaller Co., L.P.A., Cleveland, OH, for King, Griffin and Johnson.

Michael A. Pretl, Ashcraft & Gerel, Baltimore, MD, for Luxfords.

Thomas J. Knight, Anniston, AL, for Glenda Cox.

| | Number of Trials [1] | Plaintiff Recovery | Decision for Trust | Average Award of all Trials [2] | Average Plaintiff's award [3] | Average Days in Trial |
|---|---|---|---|---|---|---|
| FEDERAL | 14 | 4 | 10 | $40,395.31 | $141,383.57 | 5.8 |
| STATE | 15 | 11 | 6 | $62,875.52 | $ 85,739.35 | 7.3 |

1. Some trials involved more than one plaintiff.

2. This figure includes the defense verdicts of $0.

3. This figure includes only the instances where plaintiffs have recovered. The federal verdicts total $565,534.31 for four plaintiffs. The state verdicts total $943,132.86 for eleven plaintiffs. Stip. ¶ 4 n. 2.

*Id.* at 2.

The avenue of diversity removal was eliminated, however, by this Court's decision in *In re A.H. Robins Co. (Dalkon Shield Claimants Trust v. MacLeod)*, 197 B.R. 575 (E.D.Va.1995). There, this Court ruled that the Trust is not a citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332. Instead, the citizenship of the Trust when named as the defendant in a Dalkon Shield suit is governed by the citizenship of all Dalkon Shield claimants. *Id.* at 579. This determination, of course, made the Trust a citizen of every state for purposes of subject matter jurisdiction and thus eliminated the Trust's access to federal court through removal on diversity grounds.

The MacLeod decision did not completely eliminate the Trust's recourse to the federal judiciary. The Trust may still effect removal under 28 U.S.C. § 1452(a) for cases "related to" a Title 11 proceeding.[4] Unfortunately for the Trust, this basis for removal does not guarantee that the case against the Trust will be heard in federal court. Title 28 U.S.C. § 1334(c)(1) allows federal courts to abstain from exercising their nonexclusive jurisdiction:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1)

Additionally, 28 U.S.C. § 1452(b), which follows the removal rights set forth in § 1452(a) for cases related to a title 11 proceeding, allows a "court to which such claim or cause of action is removed [to] remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). It is also important to note that a decision by a federal court to abstain under § 1334(c)(1) or to remand on an equitable ground under § *1452 (b)* "*is* not reviewable by appeal or otherwise by the court of appeals." 28 U.S.C. §§ 1334(d), 1452(b).

The Trust contends that the *MacLeod* decision effectively "stripped" the Trust of any removal rights because federal judges have routinely remanded Dalkon Shield cases to state court. In support of this contention, the Trust offers the following statistics: As of June 14, 1996, the Trust had removed 62 cases filed against it in state court to federal court. Trust Mem. at 7. The plaintiffs in 28 of those removed cases moved to remand the cases to state court. *Id.* Not all of these motions to remand were ruled upon, as several cases were dismissed upon the plaintiff's decision to pursue ADR. Five federal courts have issued orders granting the motions to remand, sending 19 cases, involving 26 Dalkon Shield plaintiffs, back to state courts. *Id.* at 8. On the other hand, only three courts have denied motions to remand in cases that the Trust had removed on bankruptcy grounds.[5] *Id.* at 9.

The Trust is concerned that this alleged trend toward "automatic remand" will hamper the Trust's litigation strategy in future Dalkon Shield cases. As of June 14, 1996, the Trust had 104 cases pending against it. Trust Ex. C. Of these, sixty are pending in federal courts, 44 in state courts. *Id.* Moreover, there are 686 claims remaining unresolved, held by persons who could potentially elect to pursue litigation against the Trust. *Id.*

The Trust is clearly dissatisfied with the apparent success that plaintiffs have enjoyed in defeating the Trust's efforts to remove cases. The Trust contends that the "wholesale and routine remand" of Dalkon Shield cases from federal to state courts has dis-

---

4. Section 1452(a) allows a party to remove any case to federal court if that court has jurisdiction over the case under 28 U.S.C. § 1334. Under § 1334(b), federal district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). There is no dispute that a suit against the Trust on a Dalkon Shield claim is "related to" the Robins bankruptcy case and is therefore removable under § 1452.

5. While noting its three successful oppositions to plaintiff's motions to remand, the Trust contends that this view has not prevailed since 1994. Trust Mem. at 10.

rupted the efficiency of the claims resolution process and has "impair[ed] the efficient administration of the Robins bankruptcy estate." Trust Mem. at 28. It argues that litigating in state court inevitably leads to delay in many jurisdictions, thus prolonging the life of the Trust and increasing its defense costs. This state of affairs, in the Trust's view, "does not comport with the purpose of the CRF, set out in its § A, of providing 'full payment of valid claims at the earliest possible time consistent with the efficient design and implementation of the claims resolution facility.'" Trust Mem. at 13.

The Trust has filed the instant Motion, seeking to have this Court enter an Order "directing that any federal court analyzing whether a Dalkon Shield case removed by the Trust from state to federal court should be remanded to state court on abstention grounds under 28 U.S.C. § 1334(c)(1), or on an equitable ground under 28 U.S.C. § 1452(b) should consider this Court's view[s]" concerning the nature of Dalkon Shield cases. Trust Mot. at 1. In particular, the Trust seeks to have this Court enter an Order stating its view that:

(1) Dalkon Shield cases involve state law issues, but not difficult or unsettled ones, and not ones of particular sensitivity for the states;

(2) Dalkon Shield cases are not solely state law cases, but carry a federal overlay from the Robins bankruptcy case and remain closely connected with the Robins case;

(3) Stripping the Trust of all removal rights will seriously undermine the efficient and successful implementation of the Plan; and

(4) Accordingly, Dalkon Shield cases should not, as a general matter, be remanded to state courts on abstention or equitable grounds, though all other

federal courts, taking this Court's views into account, nonetheless could still determine that the particular circumstances of the case (including available state discovery and pretrial procedures and comparative docket conditions) warrant remand.

*Id.* Predictably, Respondents, several Dalkon Shield plaintiffs with claims pending in other federal courts, oppose the Trust's Motion.

## II.

■ Neither party disputes that this Court has the retained jurisdiction under § 8.05 of the Plan to interpret the Plan and related instruments, and has the authority to enter orders in aid of the implementation of the Plan. *In re A.H. Robins Co.,* 88 B.R. 742 (E.D.Va.1988), *affirmed,* 880 F.2d 694 (4th Cir.), *cert. denied,* 493 U.S. 959, 110 S.Ct. 376, 107 L.Ed.2d 362 (1989). The Trust apparently relies on this Court's retained jurisdiction to interpret the Plan in bringing the instant motion before the Court. Trust Mem. at 10–11.

■ The Trust's Motion seeks to have this Court draw on its experience and familiarity with the Plan, the CRF, and the administration of the Robins bankruptcy estate, and enter an Order advising other federal courts of this Court's "views" concerning the negative impact of granting motions to remand on the successful implementation of the Plan.[6] While the Court appreciates the Trust's concerns, the matters raised in the Trust's Motion are not proper for this Court's consideration. Of primary concern to the Court is the fact that the Court is not satisfied that the Trust's Motion seeks an "interpretation" of the Plan. While consideration of the Plan and the CRF is certainly a critical factor in a judge's consideration of a motion to remand, the proper interpretation of the Plan and related documents is not before this Court.[7]

---

**6.** The primary argument advanced by the Trust is that twenty provisions of the Plan, the CRF, and the Administrative Orders of this Court provide a "federal overlay" that demands that Dalkon Shield cases not be remanded to state court. Trust Mem. at 20–26. The Trust argues that Dalkon Shield cases are "federally saturated" and should be tried in federal court because "federal judges are more familiar with the bank-

ruptcy law concepts that have informed the development of the Plan and CRF and the parameters within which all Dalkon Shield cases must proceed." *Id.* at 25.

**7.** This Court has previously held that the terms "interpret" and "interpretation," in the context of this Court's retained jurisdiction, should be attributed their "plain an ordinary meanings."

The parties to this motion do not contend that "any language in the Plan or CRF is ambiguous, obscure, capable of more than one plain and ordinary meaning, or otherwise in need of 'discovery.'" *Besag*, 197 B.R. at 594 (defining "interpretation"). Instead, the Trust's motion asks this Court to draw on its extensive familiarity with the Robins bankruptcy and apply the factors governing remand under § 1452(b) and § 1334(c)(1) as a guide to other federal courts facing motions to remand in Dalkon Shield cases. This type of exercise is what this Court in *Besag* suggested was *not* "interpretation" of the Plan. There, this Court held that "an assessment of the *effect* on local matters of the plain, ordinary meaning of language in the Plan or CRF is not an interpretation of the language." *Id.* at 595 (emphasis in original). In short, the Trust's Motion does not present this Court with a controversy or dispute regarding the proper interpretation of the Plan or the CRF.[8] The Court therefore declines to enter the Order sought by the Trust under the rubric that the Court is interpreting the provisions of the Plan and CRF.

█ In the absence of a genuine dispute over the interpretation of the Plan or the CRF, it is not proper for this Court to express its general opinion regarding the merits of a plaintiff's motion to remand in a Dalkon Shield case. "Courts ... must not deal in abstractions, for courts can only adjudicate actual cases, involving issues that are precisely framed by their connection to specific litigants in a concrete context." *Gilles v. Torgersen*, 71 F.3d 497, 500 (4th Cir.1995). The Respondents in this matter are not litigating their Dalkon Shield claims in this forum, nor is there a motion for remand pending before this Court. The Trust's motion asks the Court to substitute its discretion for that of other courts. This, quite simply, is not this Court's role. Any views expressed by this Court would on this issue would neither bind Respondents in their cases pending in other forums, nor prevent another judge from remanding a case to state court.[9] The Supreme Court has frequently repeated that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *E.g. North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). Article III, § 2 of the Constitution requires that litigation be based on a "real and substantial controversy admitting of specific relief though a decree of a *conclusive* character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937) (emphasis added). The Trust's Motion does not meet this requirement. Because the Trust's Motion essentially seeks an advisory opinion

*In re A.H. Robins Co. (Besag v. Dalkon Shield Claimants Trust)*, 197 B.R. 590, 594 (E.D.Va. 1994). Thus, this Court defined "interpretation" as "the art or process of discovering and ascertaining the meaning of a statute, will, contract, or other written document, or the discovery and representation of the true meaning of any signs used to convey ideas." *Id.* at 594 (quoting Black's Law Dictionary 817 (6th ed.1990)).

8. The Court notes that the situation presented by the instant Motion bears similarity to the situation in *Besag* where the parties asked for an "interpretation" from this Court regarding whether various provisions in the Plan and the CRF estopped the Trust from denying product liability. This Court stated that insofar as the request for estoppel presented the exact language of the Plan and the CRF, the Movant did not request an interpretation of the Plan or CRF. *Besag*, 197 B.R. at 595 n. 3. Similarly, insofar as the Trust in the instant motion points to the naked text of the CRF and the Plan and asks that this Court rule that there is a "federal overlay" in Dalkon Shield cases weighing against remand, the Trust does not seek an "interpretation" of the Plan or the CRF. *See also MacLeod*, 197 B.R. at 577 n. 3 (stating that a court's consideration of the CRF and Administrative Order in deciding a motion to remand did not constitute interpretation). As in *Besag*, the Court in this case finds that federal courts are ably suited to "accept the straightforward meaning of ... provision[s] in the Plan or CRF and [assess] the provision[s]' effect on the [issue of remand]." *Besag*, 197 B.R. at 595.

9. The Trust concedes that its proposed Order would not be binding on other federal courts considering motions to remand. Mot. at 1 ("though all other federal courts, taking this Court's views into account, nonetheless could still determine that the particular circumstances of the case ... warrant remand").

from this Court, it lacks the hallmarks of justiciability.[10]

Finally, the Court notes that it has already considered the concerns raised by the instant motion in this Court's *MacLeod* decision. There, this Court noted the Trust's dissatisfaction with the great latitude given to federal courts in remanding actions removed on the basis on federal bankruptcy jurisdiction, but nevertheless declined to grant the relief sought by the Trust. Similarly, no matter how persuasive this Court may find the Trust's arguments in favor of remand, "it is not for this Court to alleviate any and all impediments that may now or hereafter hinder the Trust's access to federal court in Dalkon Shield cases." *MacLeod*, 197 B.R. at 580 n. 4. Accordingly, the Trust's Motion will be denied.

An appropriate Order shall issue.

---

**10.** The Court notes that parties cannot confer justiciability by mutual consent where it otherwise does not exist. In this case, the parties' submission of this issue to the Court does not obviate this Court's independent obligation to investigate justiciability. *Gilles*, 71 F.3d at 500 n. 1 (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230–31, 110 S.Ct. 596, 607–08, 107 L.Ed.2d 603 (1990)).